[No. 32009. *En Banc.* February 9, 1952.]

EDGAR M. SWAN, *Appellant,* v. VERN B. ANDERSON *et al.,*
*Respondents.*[1]

*Lyle H. Truax* and *E. M. Swan,* for appellant.

*David C. Hutchinson* and *Donald Simpson,* for respondents.

*The Attorney General* and *Lyle L. Iversen, Assistant,*
*amici curiae.*

PER CURIAM.—Appellant is a resident and taxpayer of the
city of Vancouver and instituted this action in the superior
court for Clark county to restrain respondents, the duly
elected city officials, from proceeding with the proposed
election of fifteen freeholders (to be held November 13,
1951), to the end that they might draft and publish a city
charter to be adopted by the electors of that city. Respondents resisted the issuance of the injunction and by cross-
complaint requested that the trial court enter judgment
declaring that the city could comply with the requirements

[1] Reported in 240 P. (2d) 559.

of Art. XI, § 10 of our state constitution, pertaining to publication of proposed city charters.

September 28, 1951, the trial court signed findings of fact and conclusions of law and judgment thereon dismissing appellant's complaint and declared that there were daily newspapers published in that city and that publication of a proposed charter therein would conform to the requirements of the constitution and laws of the state. The findings of fact, conclusions of law and judgment thereon were not filed until December 5, 1951.

Appellant now appeals from the action of the trial court in dismissing his complaint wherein he sought an injunction to restrain the November 13th election.

■ Since the election sought to be enjoined has already been held, that question' is moot. No purpose would be served in reversing that holding of the trial court.

■ Furthermore, the declaratory judgment of the trial court was based on the status of the parties as of September 28, 1951. We have no record before us of what has transpired in the election proceedings since that date, except a stipulation of counsel entered into since the entry of the judgment and since the notice of appeal. We should not, and will not, take cognizance of anything which transpired subsequent to the judgment which is before us for review. Even if it were properly before the court, the stipulation is not conclusive of the questions as to procedure that might have arisen between the time it was entered into and the date of the filing of this opinion.

Rem. Rev. Stat. (Sup.), § 784-12, provides that the declaratory judgment act is ". . . remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; . . ." A holding by us that the trial court was either correct or in error in its conclusion that the city was capable of enacting a valid charter, would not be applicable to any of the steps taken by the city since the date of the entry of the judgment.

■ We will not indulge in presumptions one way or the other as to the validity of the steps taken since the entry of the judgment of the trial court. To do so would be contrary to the announced purpose of the declaratory judgment act. As was stated in *Taylor v. State*, 29 Wn. (2d) 638, 188 P. (2d) 671:

"The respondents contend that there is a presumption of law that they have complied with the provisions of the statutes in question. We think there is no such presumption in the situation here, where they have come into court seeking a declaratory judgment as to their status with the purpose of relying on such a judgment if the future need arises. Since they seek here to have the court say that they have complied with the law, the burden is upon them to produce evidence to support such a judgment. We will not base such a declaratory judgment on a presumption."

The appeal is dismissed without prejudice to the right of appellant, or any person or persons similarly situated, to question the entire proceedings, by placing before the court a complete record.